UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS BLITZ, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>  v.<br><br>MONSANTO COMPANY,<br><br>                Defendant. | Case No. 3:17-cv-00473-wmc |

**DEFENDANT MONSANTO COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF CLASS CERTIFICATION DEADLINES**

Plaintiff presents the Court with a problem of his own making, asking the Court just days before key deadlines to extend those deadlines despite the fact that the "problem" he proposes to solve has been apparent for months. Defendant is fully prepared to move forward under the current schedule. And while there may be some efficiency in having the Court's decision on the pending motion to dismiss before class certification briefing, Defendant knows of no legal basis for tying the case schedule to the Court's ruling on a pending motion.

Defendant disagrees with any suggestion in Plaintiff's motion that there have been undue delays in discovery—Defendant has responded to all of Plaintiff's written discovery and began producing documents on the same day this Court approved the parties' proposed Protective Order.[1] On the other hand, Plaintiff has sat back and done virtually nothing to move this case forward. Indeed, Plaintiff delayed the parties' negotiation of a protective order early in the process—taking more than six weeks to respond to Defendant's initial draft. To this date,

---

[1] Plaintiff has been aware since December that the Protective Order needed to be in place before document productions could begin.

1

Plaintiff has never responded to Monsanto's proposed search terms, which were sent to him nine weeks ago. Plaintiff only raised the taking of a deposition for the first time this very week.

Defendant also disagrees with Plaintiff's assertion that the schedule Plaintiff has proposed will affect the deadlines only for class certification briefing and expert discovery related thereto. Plaintiff's proposed schedule ties the class certification deadlines to the date this Court decides Defendant's motion to dismiss. Because this date is open-ended and tied to an unknown future date, Plaintiff's proposal threatens to upset future case deadlines. Indeed, even if the motion to dismiss were decided *today*, class certification briefing under Plaintiff's proposed schedule would not be complete until August 1—less than three weeks before merits-stage expert reports are due under the present schedule.

For a similar reason, Plaintiff's proposed schedule threatens to prejudice Defendant. The discovery period following class certification is important for Defendant because class certification briefing is the vehicle by which Plaintiff proposes a method for proving his case on a class-wide basis. Defendant needs the discovery period thereafter to develop its defense to this proposed class-wide proof in the event that class certification is granted. Plaintiff's proposed schedule would dramatically shorten, if not eliminate entirely, the scheduled period for discovery after class certification briefing and expert disclosures are complete.

On the other hand, the "prejudice" Plaintiff alleges he will suffer if the current schedule holds is either entirely of his own making or is no prejudice at all. First, Plaintiff complains that under the current schedule he will be forced to expend resources to retain experts and complete class briefing without knowing the outcome of the pending motion to dismiss. But it is not uncommon for motions to dismiss to remain outstanding during class certification proceedings—this cannot be undue prejudice and Plaintiff should have retained experts by now for the class

2

certification issues given the impending deadline.[2]  Additionally, the possibility that class certification briefing could be required with the motion to dismiss outstanding has been apparent since the schedule was first set.  Second, Plaintiff complains that he will be prejudiced by having to proceed with class certification briefing "due to the early stage of discovery in this case."  But the discovery schedule has been set for many months.  Defendant has responded to all written discovery served by Plaintiffs, and promptly began document productions on the same day this Court approved the parties' proposed Protective Order.  Prior to this motion, Plaintiff has never suggested that Defendant's discovery responses were deficient, and Plaintiff did not mention the possibility of extending the current schedule to Defendant until yesterday morning.  Any prejudice Plaintiff may suffer in this regard is thus entirely of his own making.[3]

For these reasons, Defendant does not join in Plaintiff's motion for extension of time, and does not believe the schedule that Plaintiff has proposed is appropriate.  Defendant is fully prepared to move forward under the current schedule.  Should the Court exercise its discretion to permit an extension, Defendant would respectfully request a short and defined extension and one that would at least maintain (if not increase) the 46 days between the service of Plaintiff's class certification expert disclosures and Defendant's expert disclosures and the 47 days between Plaintiff's motion for class certification and Defendant's opposition memorandum.

---

[2] Moreover, if Plaintiff has not already retained and begun working with experts today—with his current deadline for expert reports just four days away—there may be an ulterior motive for Plaintiff's motion.

[3] Plaintiff's motion for class certification is currently due on April 6, and must include all facts, expert opinions, or arguments that Plaintiff is relying on to support class certification.  To the extent the Court denies the instant motion and maintains the current schedule, Plaintiff should be on notice that Defendant will object to any effort to use his reply brief to put forth facts, expert opinions, and arguments that should have been included in the moving papers.

Respectfully submitted this 29th day of March, 2018.

                WINSTON & STRAWN LLP

By:   */s/ Jeff Wilkerson*
      George C. Lombardi (admitted *pro hac vice*)
      John J. Rosenthal (admitted *pro hac vice*)
      Adam S. Nadelhaft (admitted *pro hac vice*)
      Jeff Wilkerson (admitted *pro hac vice*)

1700 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 282-5000
Fax: (202) 282-5100
jrosenthal@winston.com
anadelhaft@winston.com

                HUSCH BLACKWELL LLP

      Thomas P. Heneghan
      State Bar No. 1024057
      Paul D. Cranley
      State Bar No. 1050029

33 E. Main Street, Suite 300
P.O. Box 1379
Madison, Wisconsin 53701-1379
Phone: (608) 255.4440
Fax: (608) 258.7138
Tom.Heneghan@huschblackwell.com
Paul.Cranley@huschblackwell.com