**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| THOMAS BLITZ, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>MONSANTO COMPANY,<br><br>      Defendant. | Case No. 3:17-cv-00473-wmc |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff Thomas Blitz ("Plaintiff), by and through his undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to the Federal Rule of Civil Procedure 23(b)(3). Plaintiff further requests that if the Court is unprepared to grant class certification at this point, the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a more detailed memorandum of points and authorities in support of class certification.[1]

## I.   INTRODUCTION

This matter presents a textbook case for class certification. Plaintiff's claims, brought on behalf of thousands of consumers across Wisconsin, arise from Defendant Monsanto Company's ("Monsanto") sale of its Roundup® weed-killer to the public under false and deceptive pretenses. Specifically, Monsanto markets Roundup with the prominent claim that its active ingredient, glyphosate, "targets an enzyme found in plants but not in people or pets." Reasonable consumers purchased Monsanto's Roundup® products in reliance upon this claim, which is demonstrably false. The enzyme targeted by glyphosate, EPSP, in fact is present in beneficial bacteria on and throughout mammal bodies, especially in digestive tracts of humans and household pets—in other words, glyphosate *is* found in people and pets.

Plaintiff is one such consumer who was deceived by Monsanto's false, deceptive, and misleading statements with respect to the glyphosate's effects on people and pets. In response to Monsanto's unlawful conduct, and in an effort to ensure that it does not continue into the future, Plaintiff brought this putative class action. Plaintiff now seeks an order from the Court certifying

---

[1] Plaintiff detailed the reasons that briefing on class certification is premature in his Motion to Extend Class Certification Deadlines, filed on March 28, 2018 (Dkt. No. 55). As the Court has not yet ruled on the Motion to Extend, Plaintiff is filing this Motion for Class Certification in order to comply with the current scheduling order; nonetheless, Plaintiff maintains that it is premature to engage in briefing on this issue.

a proposed Class of individuals who purchased Roundup® products labeled and marketed with the representation that glyphosate "targets an enzyme found in plants but not in people or pets."

As discussed further herein, the proposed Class meets each of the requisites to class certification under Fed. R. Civ. P. 23, and therefore the instant motion should be granted in its entirety.

## II. FACTUAL BACKGROUND

### A. Facts Applicable to All Putative Class Members

As set forth in detail in Plaintiff's Complaint, Monsanto labels, advertises, and promotes its Roundup Products, including but not limited to its Roundup® "Garden Weeds" Weed & Grass Killer products (hereinafter, "Roundup" or "Roundup Products"), with the false statement that Roundup's active ingredient, glyphosate, targets an enzyme that is ***not*** found "in people or pets." *See* Compl. at ¶ 2.

However, the enzyme targeted by glyphosate, EPSP synthase, ***is*** found in people and pets—on skin, on mucous membranes in the nose and throat, and especially in the beneficial gut bacteria upon which humans and animals rely for their overall health and wellbeing, including for their immune system, digestion, allergies, metabolism, and brain functions. *Id.* at ¶¶ 3, 5. Monsanto's representation that glyphosate does not target an enzyme found in people or pets is therefore demonstrably false. Moreover, this false representation is highly material to consumers, who are increasingly aware of the widespread controversy around herbicides and their potentially serious effects on humans and animals. *Id.* at ¶ 6. Reasonable consumers relied upon Monsanto's false and misleading reassurances about the effects of glyphosate, purchasing Roundup Products that they would not have purchased had they known the truth about these effects. *Id.* at ¶¶ 6-9.

### B. Facts Applicable to Plaintiff Thomas Blitz

Plaintiff is one such Wisconsin consumer who was deceived by Monsanto. During the class period, Plaintiff purchased three 1.33-gallon containers of the Roundup Products, each retailing for approximately $20.00 to $30.00. Pltf. Initial Disclosures, attached as Ex. A. In making these purchases, Plaintiff relied upon Monsanto's representation that glyphosate targets an enzyme that is not found in people or pets. *Id.* at ¶ 22.

### C. The Proposed Class

As a result of Monsanto's conduct described above, Plaintiff brought the instant lawsuit and now seeks certification of a class as follows:

> All consumers who purchased Roundup Products, containing the statement "Glyphosate targets an enzyme found in plants but not in people or pets" on the labeling, in the State of Wisconsin, from June 2015 through the present.

As demonstrated below, the proposed Class meets each of Rule 23's requisites to certification and, therefore, the instant motion should be granted in its entirety.

### III. THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CERTIFICATION

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and, (iv) that both

the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class under Rule 23(b)(3). In order to certify a class under Rule 23(b)(3), (i) questions of law or fact common to the proposed class members must predominate over any questions affecting only individual members, and (ii) the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). "For purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo*, 199 F.R.D. 228, 237 (N.D. Ill. 2000) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties, with a presumption in favor of certification. *Id.*

**A. The Numerosity Requirement Is Satisfied**

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor are the plaintiffs required to state the exact number of potential class members. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); Generally, "[t]he court is permitted to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-1995, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004).

Here, Plaintiff alleges—and discovery will show—that "Roundup Products are the best-selling residential herbicides in the United States," and that the popularity and sales of Roundup Products indicate that the number of consumers who have purchased the products is so large as to

make joinder impracticable, if not impossible. Compl. ¶ 62-63. As Monsanto itself has boasted, Monsanto's Roundup is indeed the leading weed-killer product in the United States.[2] In fiscal year 2015, for instance, Monsanto's net sales of herbicides, of which Roundup is a major part, totaled over $4.7 billion.[3] The dominance of Roundup in the multibillion-dollar herbicide industry makes it reasonable to infer that the number of consumers who have purchased Roundup Products in Wisconsin since June 2015 numbers in *at least* the thousands—easily sufficient to meet the numerosity requirement. *See, e.g.*, *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338, 2017 U.S. Dist. LEXIS 219702, at *4 (W.D. Wis. Dec. 29, 2017) (holding that "a class with 40 members is sufficient" to establish numerosity in the Seventh Circuit) (citing *Swanson v. American Consumer Industries, Inc.*, 415 F. 2d 1326, 1333 n.9 (7th Cir. 1969)), *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . in such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity requirement.

### B. The Commonality Requirement is Satisfied

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality requirement, the representative plaintiff is

---

[2] *See* Monsanto Company, Form 10-K Annual Financial Report (Oct. 2015) ("Roundup herbicides remain the largest crop protection brand globally."); *see also, e.g.*, "Monsanto's profit rises, expects weed killer prices to rise," CNBC (Jan. 4, 2018), https://www.cnbc.com/2018/01/04/reuters-america-rpt-update-1-monsantos-profit-rises-expects-weed-killer-prices-to-rise.html; Douglas Main, "Glyphosate Now The Most-Used Agricultural Chemical Ever," Newsweek (Feb. 2, 2016), http://www.newsweek.com/glyphosate-now-most-used-agricultural-chemical-ever-422419.

[3] *See* Monsanto, *supra* note 2.

required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Cr. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized conduct toward members of the proposed class." *Whitten v. ARS Nat'l Servs. Inc*., No. 00-6080, 2001 WL 1143238, at *3 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted). The question of commonality is a relatively low and easily surmountable hurdle. *Scholes v. Stones, McGure, & Benjamine*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

The claims of Plaintiff and the Class in this case are based upon the same common questions of law and fact: (i) whether Monsanto's representation that "Glyphosate targets an enzyme found in plants but not in people or pets" is false, misleading, or deceptive; (ii) whether Monsanto omitted material information from the labels of Roundup Products; (iii) whether practices related to the marketing, labeling, and sales of Roundup Products were unfair, deceptive, fraudulent, and/or unlawful; (iv) whether Monsanto breached an express warranty created through the labeling and marketing of Roundup Products; (v) whether Monsanto was unjustly enriched through the use of the misrepresentation and/or omission; and (vi) whether Monsanto's conduct economically injured Plaintiff and Class Members. Thousands of consumers purchased Roundup Products after having viewed the label representation or other Monsanto marketing that "Glyphosate targets an enzyme found in plants but not in people or pets." Moreover, all of these

contentions will be proved through the use of common and generalized evidence applicable to the Class as a whole.

Accordingly, the commonality requirement is met.

### C. The Typicality Requirement is Satisified

Typicality, the next requirement under Rule 23, requires that Plaintiff's claims be typical of those of other Class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if Plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003). Nevertheless, the existence of factual differences will not preclude a finding of typicality; the claims of a named plaintiff need only share "the same essential characteristics" as those of the class. *Id.* Indeed, "'[s]imilarity of legal theory is more important that factual similarity . . .'" *Id.* (quoting *Harris v. City of Chicago*, Nos. 96-2406, 96-7526, 1998 WL 59873, at *5 (N.D. Ill. Feb. 9, 1998).

In this case, Plaintiff and the proposed Class were each subject to Monsanto's common course of conduct. That is, each Class member viewed and was deceived by Monsanto's deceptive conduct of representing to consumers that "Glyphosate targets an enzyme found in plants but not in people or pets." As a result of that conduct, Plaintiff and the other members of the Class are entitled to damages that Plaintiff and Class members suffered. As such, by pursuing his own claims, Plaintiff will necessarily advance the interests of the proposed class in satisfaction of Rule 23(a)(3)'s typicality requirement.

### D. The Adequacy of Representation Requirement is Satisfied

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both a proposed class representative and its counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Maxwell*, 2004 WL 719278, at *5. The proposed representative must not have claims that are "antagonistic or conflicting . . . with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*. (internal quotations omitted). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. Of Educ*., 117 F.R.D. 394, 401 (N.D. Ill. 1987).

In this case, Plaintiff has the same interests as the other members of the Class. He was deceived by Monsanto's conduct and purchased Roundup Products in reliance upon the labeling or marketing representation that "Glyphosate targets an enzyme found in plants but not in people or pets." Therefore, like the other members of the Class, Plaintiff's interests lie in ensuring that Monsanto's unlawful conduct does not continue in the future, and that he and the other members of the Class recover the damages to which they are entitled. Plaintiff has no interests antagonistic to those of the Class.

Similarly, Plaintiff's counsel are well-respected members of the legal community, who have extensive experience in class actions of similar size, scope, and complexity to the instant action. *See* Declaration of Kim E. Richman (Richman Dec.), ¶¶ 6-7; Declaration of R. Brent Wisner (Wisner Dec.), ¶¶ 8-11. Moreover, they have regularly engaged in major complex litigation against on behalf of consumers, have the resources necessary to conduct litigation of this nature, and have frequently been appointed as lead class counsel in courts throughout the country.

Richman Dec. ¶ 7; Wisner Dec. ¶ 12-13; *see also* Firm Resume of Richman Law Group, a true and accurate copy of which is attached as Exhibit A to the Richman Declaration. Proposed class counsel, including Richman Law Group, have already diligently investigated and dedicated substantial resources to the investigation of the claims at issue in this action, and will continue to do so throughout its pendency. Richman Dec. ¶ 9; Wisner Dec. ¶ 14.

### E. The Proposed Class Meets the Requirements of Rule 23(b)(3)

Plaintiff seeks certification of the Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). As discussed below, this case easily meets both of these requirements.

#### i. Common Questions of Law and Fact Predominate.

Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *Fletcher*, 245 F.R.D. at 331-32.

Here, the common questions set forth above are at the heart of this litigation. The claims of Plaintiff and the members of the Class all arise from Monsanto's common representation on the labeling and marketing of its Roundup Products that "Glyphosate targets an enzyme found in plants but not in people or pets." Evidence of Monsanto's marketing, and of its knowledge concerning its marketing representations, are all within Monsanto's own records, rather than in the records of individual Class members. Additionally, evidence concerning the falsity of Monsanto's representations, and of glyphosate's effects on enzymes found in humans and animals, can be

obtained through discovery from Monsanto, third parties, and expert testimony. Thus, the claims at issue in this case will not require individual proof such that class treatment would be inappropriate. As such, the predominance requirement for certification is also satisfied.

### ii. The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter.

Rule 23(b)(3) further requires that the class action mechanism be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Fletcher*, 245 F.R.D. at 334. The instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiff and the Class' claims.

Absent class treatment in this case, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Monsanto. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that the Court (i) enter and reserve ruling on Plaintiff's Motion for Class Certification; (ii) allow for discovery to continue on class-wide issues; (iii) grant Plaintiff leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (iv) grant Plaintiff's Motion for Class Certification after full

briefing of the issues presented herein; and, (v) provide all other and further relief that the Court deems equitable and just.

Dated: April 6, 2018                                   Respectfully submitted,

**RICHMAN LAW GROUP**

_/s/ Kim E. Richman_

Kim E. Richman
krichman@richmanlawgroup.com
81 Prospect Street
Brooklyn, New York
Telephone: (212) 687-8291

**TURKE & STRAUSS LLP**
Mary C. Turke
mary@turkestrauss.com
Samuel J. Strauss
sam@turkestrauss.com
613 Williamson Street #209
Madison, Wisconsin 53703
Telephone: (608) 237-1775

**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
Michael L. Baum
mbaum@baumhedlund.com
R. Brent Wisner
bwisner@baumhedlund.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone: (310) 207-3233

**GABRIELLI LEVITT LLP**
Michael J. Gabrielli
michael@gabriellilaw.com
2426 Eastchester Rd., Ste. 103
Bronx, New York 10469
Telephone: (718) 708-5322

**ANDRUS WAGSTAFF LLP**

        Aimee H. Wagstaff
        aimee.wagstaff@andruswagstaff.com
        7171 West Alaska Drive
        Lakewood, Colorado 80226
        Telephone: (720) 208-9414

        **MILLER FIRM LLC**
        Michael J. Miller
        mmiller@millerfirmllc.com
        108 Railroad Avenue
        Orange, Virginia 22960
        Telephone: (540) 672-4224

        **WEITZ & LUXENBERG P.C.**
        Robin L. Greenwald
        rgreenwald@weitzlux.com
        700 Broadway
        New York, New York 10003
        Telephone: (212) 558-5500

        **KENNEDY & MADONNA, LLP**
        Robert F. Kennedy
        48 Dewitt Mills Road
        Hurley, New York 12443
        Telephone: (845) 481-2622

**CERTIFICATE OF SERVICE**

  I, Kim E. Richman, hereby certify that on April 6, 2018, I electronically filed the foregoing document with the Clerk of the Court through the Court's CM/ECF system, thereby providing notice upon all parties who have entered an appearance in this matter.

Dated: April 6, 2018

                   /s/ Kim E. Richman
                   Kim E. Richman